**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| AVA/AC TRE | : | Chapter 11 |
| | : | |
| Debtor | : | Case No.: 13-11229-jkf |

**MOTION OF MARKETPLACE PHILADELPHIA L.P.**
**FOR RELIEF FROM STAY AND FOR RELATED RELIEF**

TO THE HONORABLE JEAN K. FITZSIMON,
BANKRUPTCY JUDGE:

  Marketplace Philadelphia, L.P. ("Marketplace"), by and through its undersigned counsel move this Court for an Order granting it relief from stay to allow pending landlord and tenant litigation that has been fully litigated before the Philadelphia Court of Common Pleas, involving a lease whose term expired on December 31, 2012, to be decided by that state court and in support thereof avers as follows:

**I. JURISDICTION AND VENUE**

  1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

  2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

  3. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), and (O).

  4. The statutory bases for the relief requested herein are 11 U.S.C. §§ 105, 362(d), 541(b)(2), 541(d) and 28 U.S.C. §§ 1334(c).

**II. FACTUAL AND PROCEDURAL BACKGROUND**

5. Marketplace and the Debtor, as well as five other corporations owned by Andrew Cosenza that simultaneously filed for protection under the Bankruptcy Code at docket numbers, 13-11222, 13-11223, 13-11225, 13-11226 and 13-11228 (collectively the "Cosenza entities") are parties to six subleases ("Leases") for commercial leaseholds ("Leaseholds") located at the Philadelphia International Airport, wherein the Cosenza entities operate food concessions. Marketplace is the sublandlord ("Landlord") under a prime lease with the City of Philadelphia, that owns the Philadelphia International Airport.

6. As of January 2012 the Cosenza entities were in material breach of the Leases, owing collectively $338,402 in back rent. Although the Cosenza entities were given the benefit of a very generous forbearance agreement in January 2012, subsequently, the Cosenza entities breached that agreement and continued to be unable to timely pay the monthly rent which occurred under the Leases after the date of the forbearance agreement.

7. As a result of the Cosenza entities failing to pay the monthly rent due and owing for the months of June, July and August 2012, Marketplace instituted actions in the Philadelphia Court of Common Pleas by confessing judgments in ejectment for possession only against all six of the Cosenza entities. No monetary judgment was entered against the Cosenza entities, nor could such a monetary judgment have been entered as none of the six Leases contained a warrant of attorney to confess a monetary judgment against the Cosenza entities.

8. In response to the entry of judgments for possession, the Cosenza entities filed petitions to open the judgments, which caused the Court of Common Pleas to issue routine Orders to Show Cause dated October 1, 2012, providing that discovery be taken through December 3, 2012, and oral argument to occur on all six cases on January 16, 2013. A copy of that Order is attached for the convenience of this Court as Exhibit A. The Court Order of

October 1, 2012 stayed execution upon the judgments in ejectment pending further Order of the Court of Common Pleas.

9. The Cosenza entities, through counsel, advised Marketplace that they intended to continue to operate at the Leaseholds, but not pay rent, until the Court decided their petitions to open judgments for possession, which conceivably would not occur until after February 1, 2013.

10. In order to protect its interests, and the interest of the prime landlord, the City of Philadelphia, Marketplace filed actions in the Municipal Court of Philadelphia under the Landlord and Tenant Act of 1951, seeking a monetary judgment and a judgment for eviction. These proceedings were docketed in the Municipal Court as case numbers: LT-12-10-12-4421; LT-12-10-12-4496; LT-12-10-15-4571; LT-12-10-12-4474; LT-12-10-12-4399; LT-12-10-12-4408.

11. The Cosenza entities filed an Emergency Motion to Enforce Stay and Consolidate the Municipal Court cases with the above captioned Common Pleas Court cases. The Municipal Court initially scheduled hearings on the Landlord and Tenant actions for November 20, 2012; however these hearings were adjourned by agreement in deference to the oral argument scheduled before the Philadelphia Court of Common Pleas on the Cosenza entities Motions, which occurred on November 20, 2012.

12. Marketplace and the Cosenza entities agreed that the Philadelphia Court of Common Pleas should consolidate the above described Municipal Court actions filed by Marketplace under the Landlord and Tenant Act of 1951 with the above described ejectment actions that were and are pending before the Court of Common Pleas (the "Litigation"). As part of that agreement, Marketplace and the Cosenza entities waived their rights to hearings before

the Municipal Court, and acknowledged that the Cosenza entities or Marketplace would have exercised their rights to *de novo* hearings before the Court of Common Pleas had the Municipal Court hearings actually occurred.  Marketplace and the Cosenza entities also waived their right to a trial before the Court of Common Pleas regarding Marketplace's actions under the Landlord Tenant Act of 1951 for eviction and monetary judgment, and agreed that the Landlord and Tenant Actions should be determined by the Court of Common Pleas reviewing the deposition testimony taken pursuant to the Court's Order of October 1, 2012, as well as any other documents or affidavits that would be admissible if the actions under the Landlord and Tenant Act of 1951 were being decided pursuant to a motion for summary judgment.

13. Marketplace contended that but for its willingness to adjourn the Municipal Court hearings, it would have obtained money judgments and a judgment for eviction against the Cosenza entities as of on or about November 20, 2012, and that once the Cosenza entities exercised their rights to a *de novo* hearing, pursuant to 68 P.S. §250.513 the Cosenza entities would have been obligated to pay the amount of the monetary judgment plus additional rent to the Prothonotary of the Court of Common Pleas as it became owing and due in order to obtain a supercedeas stay of the eviction judgments entered by the Municipal Court.  Consistent therewith, Marketplace demanded that the amount of the rent and related charges owing and due under the Leases be deposited with the Prothonotary pending a final decision by the Court of Common Pleas.  In response thereto, the Cosenza entities acknowledged their obligation to deposit the unpaid rent with the Court Prothonotary, but there was no agreement between the parties as to the actual amount of rent and related charges that were owing and due under the Leases.

14. After considering the above described agreements on certain aspects of the Litigation, and the written submissions on those aspects of the Litigation where there was no agreement, the Court of Common Pleas entered an Order dated December 11, 2012. A copy of that Order is attached hereto as Exhibit B. The Order, *inter alia*, consolidated the Common Pleas Court cases with the Municipal Court cases, provided that all of the cases would be decided through the Philadelphia Court of Common Pleas Motion's Court procedures, and required that the Cosenza entities pay into escrow $290,657.00 immediately and $49,550.00 on the first of every month thereafter, until the Litigation was decided by the Court of Common Pleas.

15. Through the date Debtor and its related entities filed for protection under the Bankruptcy Code, the total amount paid into escrow was $389,757.00. This amount consists of a portion of the minimum rent owed pursuant to the Leases entered into by Bassett's B Terminal, Inc., PS&G BC Connector, Inc. and PSG&I Airport, Inc. for the three leaseholds where the Cosenza entities continued to operate. In order to avoid having to escrow their rent, the Leaseholds occupied by AVA-AC TRE, Inc., Philly's Phreshest Airport, Inc. and Bassett's T&S Airport E, Inc. were surrendered to Marketplace between December 3 and December 6, 2012, and none of the payments into escrow related to the rent owing and due for these Leases.

16. Pursuant to the Court of Common Pleas Orders, depositions of the following were taken on December 3, 2012 and the deposition transcripts were filed with the Philadelphia Court of Common Pleas: Andrew Cosenza, President of the Cosenza entities; Steven Rosen C.P.A., Controller of Marketplace; and Clarence LeJeune, President of Marketplace. Twenty-six multiple page documents were used at the depositions, and were marked as Exhibits P-1 through P-26 and were also filed with the Philadelphia Court of Common Pleas.

17. Pursuant to the Orders of the Court of Common Pleas all discovery was to be completed by December 3, 2012, and the Court intended to hear oral argument on January 16, 2013, and to then decide the Litigation. The Court *sua sponte* adjourned the oral argument until January 24, 2013, for reasons unrelated to the Litigation.

18. At the Court of Common Pleas hearing of January 24, 2013, a settlement was reached between the Cosenza entities and Marketplace, the terms of which were read into the Court record in the presence of Andrew Cosenza, the Cosenza entities' attorney of record, Joseph Grimes, Esquire, as well as David Jay Glassman, Esquire, who at the time characterized himself of Mr. Cosenza's personal counsel.

19. At the direction of Judge Idee Fox, the jurist presiding at the hearings in the Philadelphia Court of Common Pleas, counsel for Marketplace prepared a stipulation that was consistent with the terms of the settlement read into the Court record, and forwarded it to the Cosenza entities counsel of record, Joseph Grimes, Esquire, with a copy to David Jay Glassman, Esquire. A copy of the settlement stipulation is attached hereto as Exhibit D.

20. By correspondence dated January 31, 2013 and February 1, 2013 attached hereto as Exhibit E and Exhibit F, David J. Glassman, Esquire advised counsel for Marketplace as well as Judge Fox that Mr. Cosenza had decided not to allow his attorney to execute the settlement stipulation, had fired Joseph Grimes, Esquire as the attorney for the Cosenza entities, and that he would be assuming the representation of the Cosenza entities.

21. At no time did Mr. Grimes nor Mr. Glassman nor Mr. Cosenza ever allege that the stipulation prepared by counsel for Marketplace, which Mr. Cosenza refused to allow his attorney to execute, was in any way inconsistent with the terms of the settlement that was agreed

to by the parties and read into the Court record at the hearing before the Court of Common Pleas on January 24, 2013.

22. In his correspondence to Judge Fox, Mr. Glassman asked that the oral argument that was adjourned from January 24, 2013 because of the settlement be further adjourned for an additional 30 days. Judge Fox declined this request, and rescheduled the oral argument for the earliest date she had time available, 1:30 p.m. on February 12, 2013.

23. Counsel for Marketplace, Joseph Grimes, Esquire and David Jay Glassman, Esquire appeared at 1:30 p.m. on February 12, 2012 before the Court of Common Pleas. At that time, Mr. Glassman advised counsel and Judge Fox that the Cosenza entities had filed for protection under the Bankruptcy Code that morning at approximately 11:50 a.m.

24. Marketplace requests relief from the automatic stay provisions of the bankruptcy code pursuant to 11 U.S.C. §362 (d)(1) so that it may ask the Philadelphia Court of Common Pleas to render a decision in the pending Litigation where all of the evidence necessary for the Court of Common Pleas to make that decision has already been submitted and made part of the record in the manner provided by the Court of Common Pleas Orders of October 1, 2012 and December 11, 2012.

25. This Honorable Court has non-exclusive jurisdiction to render a decision in the Litigation, either by reviewing the record already made or by conducting a *de novo* hearing, as the Litigation is related to Debtor's Chapter 11 filing. 28 U.S.C. §1334 (b).

26. However, this Court is required to abstain from hearing the Litigation because the Litigation could not have been commenced in Federal Court but for the bankruptcy filing, the Litigation has been pending before the Court of Common Pleas for more than seven months, and all that remains is for that Court to hear oral argument and decide the Litigation. 28

U.S.C. §1334 (c)(2). Ironically, not only can the state court Litigation be "timely adjudicated", one of the necessary prongs of 28 U.S.C. §1334 (c)(2), but it would have already been adjudicated but for the delay tactics of the Cosenza entities' last state court litigation attorney of record.

WHEREFORE, Marketplace Philadelphia, LP prays for an Order granting it relief from stay, and prays for such further relief as is just and necessary under the circumstances.

*/s/ Jeffrey Meyers*
Jeffrey Meyers
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19130-7599
Direct Dial: (215) 864-8623
meyers@ballardspahr.com
Attorneys for Marketplace Philadelphia L.P.

February 22, 2013

## CERTIFICATE OF SERVICE

I, Jeffrey Meyers, Esquire, hereby certify that on this 22nd day of February 2013, I caused true and correct copy of the foregoing Motion for Relief From Stay to be served by e-mail via the ECF filing system and First Class Mail, to:

Raheem S. Watson, Esquire
The Smyler Firm
109 S. 22nd Street
Philadelphia, PA 19103

George M. Conway, Esquire
United States Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

/s/ Jeffrey Meyers_____
Jeffrey Meyers
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19130-7599
Direct Dial: (215) 864-8623
meyers@ballardspahr.com
Attorneys for Marketplace Philadelphia L.P.