Dimitri L. Karapelou, Esquire
Shelly A. Solomon, Esquire
Law Offices of Dimitri L. Karapelou, LLC
1600 Market Street, 25th Floor
Philadelphia, PA 19103
(p): (215) 391-4312
(f): (215) 391-4350
dkarapelou@karapeloulaw.com
ATTORNEYS FOR DEBTOR

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | **Chapter 11** |
| **AVA/ AC TRE** | **Bankruptcy No.: 13-11229** |
| *Debtor.* | |

**DEBTORS' MOTION TO DISMISS BANKRUPTCY CASE PURSUANT TO
11 U.S.C. § 1112(b)**

AVA/ AC TRE ("Debtor") by and through its counsel, Law Offices of Dimitri L. Karapelou, LLC, hereby brings this Motion to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. § 1112(b), and in support thereof respectfully represents:

**BACKGROUND**

1. This court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. On February 12, 2013, Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

3. Debtor operated a food and concession store located in the Philadelphia International Airport.

4. Debtor filed this bankruptcy to stay confession of judgment enforcement proceedings that were improperly initiated and enforced by the Debtor's Landlord, and to give Debtor an opportunity to reorganize.

5. Prior to the bankruptcy, Debtor ceased operations. Because of exigent circumstances, Debtor filed bankruptcy for this entity in order for Debtor to adequately protect itself from the confession of judgment proceedings while Debtor investigated its legal defenses to the Landlord's actions. Debtor has determined that there is no adequate business or legal reason for this Debtor to remain under protection of chapter 11.

6. Pursuant to 11 U.S.C. § 1112(b), on request of a party in interest, a court may dismiss a case under Chapter 11 "for cause."

7. "Courts have wide latitude in determining whether cause exists to convert or dismiss" a Chapter 11 bankruptcy case. In re Nugelt, Inc., 142 B.R. 661, 665 (Bankr. D. Del. 1992. Although Section 1112(b)(4) provides sixteen examples of what constitutes "cause" to dismiss a bankruptcy case, a bankruptcy court is not constrained by those enumerated examples and may find "cause" based on the facts and circumstances of a particular Chapter 11 case. Id. at 665; see also, In re Ramreddy, Inc., 440 B.R. 103, 107 (Bankr. E.D. Pa 2009) (stating that the examples of cause in § 1112(b)(4) are "illustrative and not exhaustive").

8. Debtor submits that sufficient cause exists to dismiss this bankruptcy case. Because the Landlord has possession of the property, the bankruptcy is no longer necessary as there is no need to reorganize the businesses.

9. Therefore, this Court should grant the Debtor's Motion to Dismiss this Bankruptcy case.

10. Notice of this Motion will be provided to the United States Trustee and all creditors of Debtor.

WHEREFORE, Debtor respectfully requests that the Court dismiss this bankruptcy case and enter the attached proposed form of Order.

        Respectfully Submitted,

        */s/    Dimitri L. Karapelou    .*
        Dimitri L. Karapelou, Esquire
        Law Offices of Dimitri L. Karapelou, LLC
        1600 Market Street, 25th Floor
        Philadelphia, PA 19103

**Date: April 2, 2013**